Weygandt, C. J.
The relator’s motion presents two questions. The first involves the materiality of the two issues of fact presented by the answer. In other words, is it necessary for this court to determine whether the municipality violated a specific requirement, and, if so, whether such violation caused decedent’s death? An examination of the relator’s prayer clearly indicates that this must be answered in the negative.' The relator does not ask this court to decide these questions of fact; she asks merely that the court direct the respondent, Industrial Commission, to hear and determine them. Therefore, the answer raises no issue of fact material in this action in this court.
The second question presented by this motion is whether the provisions of Section 1027, General Code, and of Section 16 of the-General Safety Standards Code for Workshops and Factories, are applicable to municipal corporations, as alleged in the relator’s petition. Obviously this is the same question that was decided by this court at the time the respondent’s demurrer to the petition was overruled. No opinion accompanied this previous ruling inasmuch as there was not a final disposition of the case, and the respondent was given leave to plead further. Therefore, it now becomes necessary to state briefly the views of the court.
Article II, Section 35, -of the Constitution of the State of Ohio, reads in part as follows: “For the purpose of providing compensation to workmen and their dependents, for death, injuries or'occupational disease, occasioned in the course of such workmen’s employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state, determining the terms and conditions upon which payment shall be made therefrom. Such compensation shall be in lieu of all other rights to compensation, or damages, for such death, injuries, or occupational disease, and any *191 employer who pays the premium or compensation provided by law, passed in accordance herewith, shall not he liable to respond in damages at common law or by statute for such death, injuries or occupational disease. * * * Such board shall have full power and authority to hear and determine whether or not an injury, disease or death resulted because of the failure of the employer to comply with any specific requirement for the protection of the lives, health or safety of employes, enacted by the General Assembly or in the form of an order adopted by such board, and its decision shall be final. * * * When it is found, upon hearing, that an injury, disease or death resulted because of such failure by the employer, such amount as shall be found to be just, not greater than fifty nor less than fifteen per centum of the maximum award established by law, shall be added by the board, to the amount of the compensation that may be awarded on account of such injury, disease, or death, and paid in like manner as other awards; and, if such compensation is paid from the state fund, the premium of such employer shall be increased in such amount, covering such period of time as may be fixed, as will recoup the state fund in the amount of such additional award, notwithstanding any and all other provisions of this constitution.”
In the part of this section quoted above the word “employer” appears five times in either the singular or plural form. The relator and the respondent agree that in the first two sentences the word includes both private and municipal corporations; otherwise, the village of North Canton would not be a contributor to the compensation fund. But the respondent contends that in the other sentences, where the word is used three times, it must be construed as applying to private corporations alone. The difficulty with this contention is that a careful examination of these sentences and the context discloses no justification for such a distinc *192 tion. Likewise, when the word “employes” is used, there is ■ nothing to indicate that it is restricted to employes of private corporations, and not inclusive of those employed by municipal corporations as well. Thus, so far as the enabling provisions of the Constitution are concerned, there is nothing to sustain the contention of the respondent.
Of course, it remains to be determined whether the Legislature and the Industrial Commission Lave made a distinction between private and municipal corporations in so far as the violation of specific requirements is concerned. Here, as in the case of the constitutional provisions just examined, a study of the pertinent statutes and orders furnishes little aid and comfort to the respondent. The following references are sufficient to be decisive of the question.
In Section 1002, General Code, appears this language: “The term ‘shops and factories’ as used in this chapter shall include the following: manufacturing, mechanical, electrical, mercantile, art and laundering establishments.”
Section 1027, General Code, requires that “the owners and operators of shops and factories shall make suitable provisions to prevent injury to persons who use or come in contact with machinery therein or any part thereof.”
Section 1028, General Code, reads in part: “Whoever, being a person, firm or corporation, fails to comply with any provision of the preceding section, or fails to comply with such orders for changes as are issued by the chief inspector * *
Paragraph 3 of Section 871-13, General Code, defines “employer” as “every person, firm, corporation, agent, manager, representative, or other person having control or custody of any employment, place of employment or of any employe.”
The following definition of “employer” appears in Section 1465-60, General Code: “The state and each *193 county, city, township, incorporated village and school district therein.”
Paragraph 8. of Section 871-13, General Code, defines “general order” to be “such order as applies generally throughout the state to all persons, employments, or places of employment, or all persons, employments or places of employment of a class under the jurisdiction of the commission.”
The general order of the Industrial Commission designated as Section 16 of the Code of General Safety Standards for Workshops and Factories provides that: “Fly wheels and balance wheels located six (6) feet or less above floor or platform shall be enclosed with any one of the following guards: * * *.”
Confronted with the foregoing broad language, this court manifestly would be indulging in nothing less than judicial legislation to hold that municipal corporations are excluded from the operation of these statutes. Furthermore, plain logic and common humanity would seem to justify no lesser degree of safety for employes of municipalities than for those employed in private industry. If such a distinction is to be made, it must be accomplished by action on the part of the Legislature rather than on the part of the court.
The respondent urges also that Sections 1027 and 1028, General Code, are penal in their nature and cannot be considered applicable to municipal corporations, because municipalities cannot be prosecuted and punished. Even if this were a correct statement of the law, it would not necessarily be conclusive. However, in 28 Ohio Jurisprudence, 1052, appears the statement that “a municipal corporation may, in a proper case, be subjected to a criminal prosecution.” To the same effect is the following language in 19 Euling Case Law, 1048: “It is held by the great weight of authority that a municipal corporation may, in a proper case, be subjected to a criminal prosecu *194 tion. Thus when it violates a penal statute in regard to the employment of labor, it may be indicted and fined in the same manner as any other employer. It has also frequently been held that a municipality may be liable to indictment for failure to perform duties of a public nature which are plainly enjoined by legislative act, as, for instance, for allowing a highway which it is bound to keep in repair to become defective and dangerous.”
It is further urged by the respondent that under the rule of statutory construction the word “corporation” does not include municipal corporations unless specifically so stated, and that such rule is controlling in this case. However, the complete answer to this contention is that “corporation” is but one of several words here involved.
Consistent with the foregoing views, a peremptory writ will be allowed directing the respondent to hear and determine whether the village of North Canton violated a specific requirement, and, if so, whether such violation caused the decedent’s death. If the finding of the respondent as to these questions is in the affirmative, the relator shall be awarded additional compensation in such amount as shall be found to be just, not greater than fifty nor less than fifteen per centum of the maximum award established by law.

Writ allowed.

Allen, Stephenson, Jones, Matthias and Bevis, JJ., concur.
Zimmerman, J., not participating.